J-S19027-26 & J-S19028-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HARUN IN MONTE BEY | : | |
| | : | |
| Appellant | : | No. 564 WDA 2025 |

Appeal from the Judgment of Sentence Entered April 9, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0003789-2024

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HURAN IN MONTE BEY | : | |
| | : | |
| Appellant | : | No. 565 WDA 2025 |

Appeal from the Judgment of Sentence Entered April 9, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0007153-2024

BEFORE:  SULLIVAN, J., NEUMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NEUMAN, J.:                **FILED: July 13, 2026**

In these two related cases, which we consolidate for ease of disposition, Huran In Monte Bey, Appellant, appeals *pro se* from the judgment of sentence of an aggregate term of 6 to 23 months' incarceration, imposed after he pled *nolo contendere* to firearm and motor vehicle offenses.  Appellant challenges

_____

[*] Former Justice specially assigned to the Superior Court.

the validity of his plea and argues his plea counsel acted ineffectively. After careful review, we remand for further proceedings.

The facts underlying Appellant's convictions are not germane to our disposition of these appeals. Procedurally, on April 9, 2025, Appellant pled *nolo contendere* in both of his underlying cases and was sentenced that same day. Specifically, in CP-02-CR-0007153-2024 ("case 7153-2024"), Appellant pled *nolo contendere* to making a materially false written statement in connection with the purchase of a firearm under 18 Pa.C.S. § 6111(g)(4)(ii). For this offense, he was sentenced to 6 to 23 months' incarceration, with immediate parole. In Case CP-02-CR-0003789-2024 ("case 3789-2024"), Appellant pled *nolo contendere* to fleeing or attempting to elude a police officer, 75 Pa.C.S. § 3733(a), and driving while operating privilege is suspended or revoked, 75 Pa.C.S. § 1543(a). He was sentenced to an aggregate term of 6 months' probation, to run concurrent with his sentence imposed in case 7153-2024. Appellant did not file any post-sentence motions.

Despite that Appellant was represented by court-appointed counsel at his plea/sentencing proceeding, on April 29, 2025, Appellant filed a *pro se* motion to proceed *in forma pauperis*, as well as a *pro se* notice of appeal. On May 13, 2025, the court issued an order granting Appellant *in forma pauperis* status. That same day, the court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant filed a *pro se* Rule 1925(b) statement on May 23, 2025. The court filed a Rule 1925(a) opinion on August 6, 2025.

In Appellant's *pro se* brief, he states three issues for our review:

1. Whether Appellant was denied effective assistance of counsel where plea counsel, acting against Appellant's expressed wishes, induced a no contest plea through coercion and false assurances of swift release while Appellant was incarcerated without bond.

2. Whether Appellant was denied due process and meaningful appellate review where plea and sentencing transcripts were never produced after counsel advised that the lower court stated no transcripts existed, resulting in an incomplete certified record through no fault of Appellant.

3. Whether Appellant's no contest plea was involuntary where pretrial incarceration, counsel's coercive conduct, and the absence of any post-sentence remedy deprived Appellant of a knowing, voluntary, and intelligent choice.

Appellant's Brief at unnumbered 2.

Before we may turn to the merits of this appeal, we must first examine whether Appellant's Sixth Amendment right to counsel was violated. ***Commonwealth v. Prysock***, 972 A.2d 539, 542 (Pa. Super. 2009) (noting that criminal defendants have a Sixth Amendment right to counsel). An accused unable to afford counsel has the right to have counsel appointed for him. ***Powell v. Alabama***, 287 U.S. 45, 53 (1932). "This right extends to everyone charged with an offense punishable by imprisonment … and is binding upon the states." ***Commonwealth v. Brown***, 476 A.2d 381, 384 (Pa. Super. 1984) (citations omitted). A criminal appellant has a constitutional right to counsel on direct appeal. ***Commonwealth v. Wrecks***, 931 A.2d 717, 722 (Pa. Super. 2007).

Pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998), "[w]hen a waiver of the right to counsel is sought at … the appellate stages[,]

- 3 -

an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." ***Grazier***, 713 A.2d at 82. A ***Grazier*** hearing is required before we may adjudicate an appeal even when it is clear from the record that a particular appellant "clearly and unequivocally indicates a desire to represent himself," ***Commonwealth v. Robinson***, 970 A.2d 455, 459-60 (Pa. Super. 2009) (*en banc*), and even when neither of the parties challenge the lack of a hearing. ***See Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa. Super. 2011). A valid waiver of the right to counsel may not be presumed where the record is silent. ***See Commonwealth v. Robinson***, 970 A.2d 455, 458 (Pa. Super. 2009).

Here, Appellant was represented at his plea/sentencing proceeding by Seth Barkley, Esquire, from the Allegheny County Office of the Public Defender. According to the trial court,

> [a]fter the plea and sentence, at the request of … Appellant, … [Attorney] Barkley[] withdrew his appearance. The [c]ourt held a brief hearing on May 13, 2025, granting Appellant['s] … request to proceed *in forma pauperis* and confirmed his request to have his attorney withdraw his appearance so that he could proceed *pro se*. (See transcript of Motion dated May 13, 2025).

Trial Court Opinion (TCO), 8/6/25, at 2-3. However, nothing in the record of the plea/sentencing hearing indicates Appellant requested to proceed *pro se*; the docket has no indication that any hearing was held on May 13, 2025; there is no transcript of that proceeding in the record submitted to this Court; and there is no docket entry memorializing Attorney Barkley's withdrawal. In other words, nothing in the record demonstrates Appellant properly waived

his right to counsel after the plea/sentencing hearing and before filing his *pro se* notice of appeal.

Accordingly, on October 1, 2025, this Court issued a *per curiam* order directing the trial court "to finalize Appellant's representation status by updating the certified record and the court of common pleas docket." Order, 10/1/25, at 1 (single page). Namely, we ordered the trial court "to provide this Court's Prothonotary with a supplemental record, containing all necessary filings, the May 13, 2025 notes of testimony, and an updated court of common pleas docket, within thirty (30) days…." **Id.** In the supplemental record ultimately provided by the trial court, the docket entries still contain no indication that a hearing was held on May 13, 2025; there is no transcript for that proceeding; and there is no docket entry indicating Attorney Barkley was permitted to withdraw prior to Appellant's filing a *pro se* notice of appeal.

Instead, the supplemental record contains a motion to withdraw filed by Attorney Barkley on October 9, 2025 (**after** we filed the *per curiam* order discussed *supra*). In that motion to withdraw, Attorney Barkley did not mention the May 13, 2025 hearing; make any claim he was validly permitted to withdraw; or state the court conducted a proper colloquy of Appellant regarding his alleged desire to proceed *pro se*. Instead, counsel simply stated Appellant "has been representing himself on these matters without assistance of Undersigned Counsel since the filing of the Notice of Appeal[,]" and that, "to the best of [counsel's] belief, [Appellant] understands his right to represent himself and has been doing so since the granting of his Motion to

- 5 -

Proceed in *Forma Pauperis*." Motion to Withdraw, 10/9/25, at unnumbered 2.

Thus, Attorney Barkley requested permission to withdraw from representing

Appellant. That same day, the trial court issued an order granting counsel's

petition to withdraw.

This record is insufficient to demonstrate Appellant is properly

proceeding *pro se* on appeal. There is no indication in the certified record that

the trial court inquired whether Appellant desired to waive his right to counsel

in this direct appeal, and, if so, whether that decision was knowing, intelligent,

and voluntary. **See** Pa.R.Crim.P. 121(A)(2) (setting forth the relevant

considerations for determining whether a criminal defendant is making a

knowing, intelligent, and voluntary decision to proceed *pro se*). There is also

no indication Attorney Barkley sought permission to withdraw, or that the

court granted that request, prior to Appellant's filing his *pro se* notice of

appeal. Despite seeking to withdraw after the instant appeal had commenced,

Attorney Barkley did not attempt to meet the requirements for withdrawal set

forth in **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v.**

**Santiago**, 978 A.2d 349 (Pa. 2009).

Also problematic is the fact that at the plea/sentencing proceeding,

neither the court, nor Attorney Barkley, advised Appellant of his post-sentence

motion and appellate rights, nor did the court determine, on the record, that

Appellant had been advised of those rights. **See** Pa.R.Crim.P. 704(C)(3)(a)

("The judge shall determine on the record that the defendant has been advised

of the following: (a) of the right to file a post-sentence motion and to appeal,

- 6 -

of the time within which the defendant must exercise those rights, and of the right to assistance of counsel in the preparation of the motion and appeal[.]"). Appellant ultimately did not file any post-sentence motions seeking to withdraw his plea, resulting in the trial court's deeming waived his appellate challenge to the validity of his plea. **See** TCO at 3 (citing **Commonwealth v. Lincoln**, 72 A.3d 606, 609-10 (Pa. Super. 2013) ("A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver.")). This Court has previously characterized a trial court's failure to advise a defendant of his post-sentencing or appellate rights as a "breakdown in the processes of the court." **Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa. Super 2007). Additionally, where such an error has occurred, we have remanded for the court to permit the appellant to file a post-sentence motion *nunc pro tunc*. **See Commonwealth v. Evans**, 201 A.3d 248, 252 (Pa. Super. 2018) (finding the court erred by not ensuring Evans was advised of his post-sentence motions rights, and remanding for "the trial court to permit Evans to file a [post-sentence] motion *nunc pro tunc*"). Given this record, we remand Appellant's case for a proper **Grazier** hearing, including a full consideration of the factors set forth at Pa.R.Crim.P. 121(A)(2), after which the court shall either permit Appellant to proceed *pro se* or appoint him new counsel, if necessary. The court shall then

permit Appellant, either *pro se* or via counsel, to file a post-sentence motion *nunc pro tunc*. **See Evans**, **supra**.

Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/13/2026